[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 07, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12043
Non-Argument Calendar

_____

D. C. Docket No. 01-01547-CV-ASG

JULIO C. GOMEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 7, 2007)**

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Julio Gomez appeals the district court's denial of his 28 U.S.C. § 2255

motion to vacate, set aside, or correct his sentence based on his claim of ineffective assistance of counsel.  Gomez contends that his complaints about the performance of his court-appointed attorney, Mr. Julio Gutierrez, Esq., and Gomez's requests for substitute counsel created a conflict of interests for Gutierrez that prevented Gutierrez from adequately representing him.

When reviewing the district court's denial of a § 2255 motion, we review questions of law de novo and findings of fact for clear error.  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).  A defendant attempting to show a conflict of interest resulting in ineffective assistance of counsel "must show first, that his attorney had an actual conflict of interest, and second, that the conflict adversely affected counsel's performance."  Pegg v. United States, 253 F.3d 1274, 1277 (11th Cir. 2001) (emphasis omitted).  The conflict cannot be merely possible, speculative, or hypothetical.  Reynolds v. Chapman, 253 F.3d 1337, 1342-43 (11th Cir. 2001).  We will not find an actual conflict of interest unless a petitioner "can point to specific instances in the record to suggest an actual conflict or impairment of [his] interests."  Id. at 1343 (citation omitted).

Several evidentiary hearings were held on this matter and based on the record, we find no reversible error.  We find meritless Gomez's second argument that the district court improperly relied on two Second Circuit cases as binding

2

authority.

**AFFIRMED.**